**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL WILLIAM BEARD, | No. 11-17274 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-03508-JKS |
| v. | |
| RON DAVIS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted August 12, 2014
San Francisco, California

Before: KOZINSKI, Chief Judge, and SILVERMAN and CLIFTON, Circuit Judges.

Michael William Beard appeals the denial of his petition under 28 U.S.C.

§ 2254 for relief from his California conviction. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The trial judge permitted a key prosecution witness to be impeached with the fact that he would receive a substantially reduced sentence in exchange for his testimony but did not allow inquiry into the exact details of the agreement, notably the precise length of the potential sentence.  Defense counsel agreed with this limitation.  The state court's ruling was not contrary to, nor involved an unreasonable application of, *Davis v. Alaska*, 415 U.S. 308 (1974), and *Delaware v. Van Arsdall*, 475 U.S. 673 (1986).  As a result, the district court correctly denied Beard's Confrontation Clause claim.  *See* 28 U.S.C. § 2254(d)(1).

Even if Beard were to show that the trial judge violated the Confrontation Clause, this claim fails under the harmless error standard.  Because the judge allowed substantial cross-examination of the cooperating witness, and because there was strong evidence of Beard's guilt independent of that witness's testimony, any error did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

The district court was also right to deny Beard's claim of  ineffective assistance of counsel.  For the same reason his Confrontation Clause claim fails the harmless error standard, this claim falls short of the prejudice prong in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Beard suffered no prejudice in light of

the significant cross-examination that was permitted, along with the strong evidence of guilt that did not depend on the credibility of the cooperating witness.

Finally, the California Court of Appeal's decision that there was sufficient evidence to support the rape conviction is entitled to deference under 28 U.S.C. § 2254. That decision was not an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

**AFFIRMED.**